# United States Court of Federal Claims

No. 11-671 C
November 20, 2012

---

**LILIAN JACKSON, *et al.*,**

                *Plaintiffs,*                               28 U.S.C. § 1500; Subject matter jurisdiction

**v.**

**THE UNITED STATES
OF AMERICA,**

                *Defendant.*

---

    *John W. Harris*, Baker & Harris, Blackfoot, ID, for plaintiffs.

    *Ty Bair*, Natural Resources Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

***Block, Judge.***

    Justice Sutherland, when faced with the harshness of the predecessor statute of 28 U.S.C. § 1500,[1] rejected the enticement of empathy in favor of an interpretation that reflects the meaning of words chosen by Congress:

> It is urged . . . that . . . the case is not within the spirit of [the law] properly construed. But the words of the statute are plain, with nothing in the context to make their meaning doubtful; no room is left for construction, and we are not at

---

[1] Section 1500 provides, "The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff . . . has pending in any other court any suit or process against the United States or [its agents]." Its effect is to deprive this court of jurisdiction over any claim when the plaintiff has "pending" in another court a suit "for or in respect to" the same claim. Two suits are considered "for or in respect to" the same claim when they share substantially the same "operative facts." *United States v. Tohono O'Odham Nation*, 131 S. Ct. 1723, 1731 (2011).

liberty to add an exception in order to remove an apparent hardship in particular cases.

*Corona v. Coal Co. v. United States*, 263 U.S. 537, 540 (1924).  In the 88 years since Justice Sutherland rendered his opinion in *Corona*, this court has myriad times observed that § 1500 produces anomalous results.[2]  And the instant case is no exception.

The plaintiffs in this case, individual members of the Shoshone-Bannock Tribe, originally brought suit in the United States District Court for the District of Idaho, alleging that defendant was liable for both negligence and breach of fiduciary duty.  Both sets of claims were predicated on an allegation that defendant was responsible for a flawed appraisal that caused plaintiffs to sell their land (with defendant's approval) at a price far below what plaintiffs now believe was fair.  The district court granted summary judgment against plaintiffs as to the negligence claims, but transferred the breach of fiduciary duty claims to this court pursuant to 28 U.S.C. § 1631.  Pending before the court is defendant's motion for judgment on the pleadings.  *See* Rule 12(c), Rules of the United States Court of Federal Claims ("RCFC").

The procedural posture of this case creates an unfortunate (and, as it turns out, insurmountable) problem for plaintiffs.  As just mentioned, plaintiffs' breach of fiduciary duty claims were transferred to this court pursuant to § 1631.  Section 1631 provides that a district court lacking jurisdiction over a plaintiff's claim may transfer that claim to a court having jurisdiction.  *Id.*  It also provides that the transferred claim must proceed "as if it had been filed in or noticed for the court to which it is transferred *on the date upon which it was actually filed* in or noticed for the court from which it is transferred."  *Id.* (emphasis added).  Put another way, when a district court transfers some but not all claims to the Court of Federal Claims, the transferred claims are considered as being filed in the Court of Federal Claims "simultaneously" with the claims that remained in the district court.  *See United States v. County of Cook, Illinois*, 170 F.3d 1084, 1090 (Fed. Cir. 1999).

As two judges of the Federal Circuit recently noted, one of the purpose of § 1631 was to "allow unwary litigants who file in the wrong courts to avoid technical obstacles, such as statutes of limitations." *Griffin v. United States*, 621 F.3d 1363, 1365 (Fed. Cir. 2010) (Plager, J., joined by Newman, J., responding to the decision of the court to deny panel rehearing and rehearing en banc).  Despite this purpose, under *County of Cook*, § 1631 actually at times *creates* a technical obstacle for litigants when it is applied *alongside* § 1500.

In *County of Cook*, the defendant appealed to the Federal Circuit a district court order transferring some of the claims before it to the Court of Federal Claims pursuant to § 1631.  170 F.3d at 1090.  In construing § 1631, the Federal Circuit opined that transferred claims were to be considered to have been filed in the Court of Federal Claims "simultaneously" with the claims that remained with the district court.  *Id.*  Notwithstanding the rule of *Tecon Eng'rs, Inc. v. United States*, 343 F.2d 943 (Ct. Cl. 1965) that § 1500 applies "only when the suit shall have

---

[2] *See, e.g., Lower Brule Sioux Tribe v. United States*, 102 Fed. Cl. 421, 422 (2011) (citing *Yankton Sioux Tribe v. United States*, 84 Fed. Cl. 225, 226–27 (2008).  One now-retired Supreme Court justice has suggested that Congress repeal § 1500.  *See Keene Corp v. United States*, 508 U.S. 200, 222 (Stevens, J., dissenting).

been commenced in the other court *before* the claim was filed in [the Court of Federal Claims]," *id.* at 949 (emphasis added), *County of Cook* held that when district court claims are filed "simultaneously" with claims before this court, the district court claims are "pending" for purposes of § 1500. 170 F.3d at 1090–91. (The court further held that the district court claims were the same as those before the Court of Federal Claims, and that therefore § 1500 barred the Court of Federal Claims from taking jurisdiction. *Id.* at 1091–92.)

In this case, as in *County of Cook*, the district court transferred some claims but not others to this court pursuant to § 1631. This court is therefore bound, under the plain language of § 1631, to treat the claims before it as having been filed in this court at the time the claims not transferred were filed in the district court. And the court is further bound, under *County of Cook*, to treat the district court claims as "pending" for purposes of § 1500. Moreover, because the negligence and breach of fiduciary duty claims share the same "operative facts," they must be deemed "for or in respect to the same claim." *See Tohono O'Odham Nation*, 131 S. at 1731. The instant case is thus within the ambit of § 1500's jurisdictional bar.

The rule of law announced in *County of Cook* has aroused some consternation. Recently, after a three-judge panel of the Federal Circuit faithfully applied *County of Cook* to deny the Court of Federal Claims jurisdiction, *see Griffin v. United States*, 590 F.3d 1291, 1293 (Fed. Cir. 2009), the full court denied a petition for panel rehearing and rehearing en banc. *Griffin*, 621 F.3d at 1364 (per curiam). Two judges of the Federal Circuit responded to the denial of the petition by noting that *County of Cook* increases the propensity of § 1500 to serve as a "trap for the unwary." *Id.* (Plager, J., joined by Newman, J., responding to the decision of the court to deny panel rehearing and rehearing en banc) (citation and internal quotation marks omitted). Specifically, Judges Plager and Newman urged overturning *County of Cook* on the grounds that it conflicts with *Tecon* and undermines the very purpose of § 1631 by adding a new "technical obstacle" to unwary litigants. *Id.* at 1365–66.

But *County of Cook* remains binding precedent, and plaintiffs are the latest unwary litigants to have been pushed by § 1631 directly into the § 1500 trap. Of course, plaintiffs could not have avoided the trap by bringing their negligence claims in this court because this court cannot hear claims that sound in tort. *See* 28 U.S.C. § 1492(a)(1). Yet by bringing their negligence claims (along with their breach of fiduciary duty claims) in the district court, plaintiffs assured that this court would be unable to take jurisdiction of the breach of fiduciary duty claims when they were transferred pursuant to § 1631. Therefore, however strange it may seem, the court must dismiss the case for lack of subject matter jurisdiction.

## I. Factual Background

Plaintiffs are individual members of the Shoshone-Bannock Tribe (the "Tribe") residing on or near the Tribe's reservation in Idaho. Amended Complaint ("Amend. Compl.") ¶ 1. Prior to 2007, they owned or had an interest in 160 acres of land held in trust by the United States for their benefit. *Id.* ¶ 8. In late 2006, plaintiffs approached the Tribe to determine whether the Tribe would be interested in purchasing plaintiffs' land. *Id.* ¶ 9.

The Tribe was indeed interested. But Indian land may not be conveyed without approval of the Secretary of the Interior. 25 C.F.R. § 152.22– 24. Therefore, pursuant to 25 C.F.R. § 152.23, the Tribe submitted an application for sale to the Bureau of Indian Affairs (BIA)

requesting an appraisal of the parcel's value. Amend. Compl. ¶ 10. Pursuant to that request and 25 C.F.R. § 152.24, the BIA obtained the services of one Joseph William Dunford to conduct the appraisal on or about March 5, 2007. Amend. Compl. ¶ 11.

Dunford's appraisal report determined that the "highest and best use" of plaintiffs' property was as range land, and that the fair market value of the property was $150 per acre. Id. The BIA approved the appraisal. Id. ¶ 14. In reliance on that appraisal, plaintiffs agreed to sell their land to the Tribe for $150 per acre—a total of $24,000. Id. ¶ 15. Pursuant to 25 C.F.R. § 152.23, the Secretary of the Interior approved the sale.

Thereafter, plaintiffs retained an appraiser who reported that the land was worth $272,000 as farm land. Amend. Compl. ¶ 20. Believing themselves to have been wronged, plaintiffs filed an administrative claim with the BIA under the Federal Tort Claims Act (FTCA). The BIA denied that claim.

Plaintiffs then filed suit in the United States District Court for the District of Idaho. In their complaint before that court (the "District Court Complaint" or "Dist. Ct. Compl."), plaintiffs asserted claims under the FTCA and a breach of fiduciary duty theory. Def.'s Br., ECF Dkt. 17, Ex. ("Dist. Ct. Compl." ¶¶ 18–38. The district court granted summary judgment against plaintiffs' FTCA claims and transferred plaintiffs' breach of fiduciary duty claims to this court pursuant to 28 U.S.C. § 1631.

After plaintiffs' transfer complaint was filed in this court, defendant answered the complaint and subsequently filed a motion for judgment on the pleadings pursuant to RCFC 12(c). In that motion, defendant argues that plaintiffs have failed to identify a specific money-mandating trust duty as required by *United States v. Mitchell*, 445 U.S. 535 (1980) (*Mitchell I*) and its progeny and that plaintiff has failed to set forth facts sufficient to show a conflict of interest amounting to a breach of fiduciary duty. Plaintiffs then filed an opposition, and defendant filed a reply.

In a letter dated October 17, 2012, this court asked the parties to submit supplemental briefing on whether 28 U.S.C. § 1500 deprived this court of jurisdiction. Although defendant did not raise this issue in its motion, it argues in its supplemental briefing that § 1500 does indeed bar jurisdiction. Def.'s Br., ECF Dkt. 17. Specifically, defendant argues that plaintiffs' FTCA claims were "pending" at the time its breach of fiduciary duty claims were transferred to this court, and that the claims are essentially the same because they share the same "operative facts." *Id.* Plaintiffs, for their part, argue that the FTCA claims are different than the breach of fiduciary duty claims because they involve different "operative facts." Pl.'s Br., ECF Dkt. 18.

For the reasons given below, and without reaching the issues raised in defendant's motion for judgment on the pleadings, the court finds that it lacks jurisdiction under § 1500.

## II. Discussion

### A. Section 1500

Pursuant to the Tucker Act, this court has jurisdiction of claims "against the United States founded upon the Constitution, or any Act of Congress or any regulation of an executive

department, or upon any express or implied contract with the United States, or of liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

Notwithstanding this, the Court of Federal Claims "shall not have jurisdiction of any claim for or in respect to which the plaintiff . . . has pending in any other court any suit" against the United States or its agents. 28 U.S.C. § 1500. Put less confusingly, the court "has no jurisdiction over a claim if the plaintiff has another suit for or in respect to that claim pending against the United States or its agents." *Tohono O'Odham Nation*, 131 S. Ct. at 1727; *see also Central Pines Land Co., L.L.C. v. United States*, 2012 WL 4857001, at *2–3 (Fed. Cir. Oct. 15, 2012).

The two questions this court must consider, then, are (1) whether plaintiffs' FTCA claims before the district court were "pending" at the time the breach of fiduciary duty claims were transferred to this court, and (2) if so, whether the FTCA suit before the district court is "for or in respect to" the same claims as the breach of fiduciary duty suit before this court.

*1. "Pending"*

There is no serious question that this court must consider plaintiffs' FTCA claims before the district court as "pending" at the time the breach of fiduciary duty claims were transferred to this court.

As described above, a claim transferred pursuant to 28 U.S.C. § 1631 "shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred." *Id.* Thus, as a matter of legal fiction, a plaintiff's transferred claim before this court is filed "simultaneously" with its not-transferred claim before the district court. *County of Cook*, 170 F.3d at 1090. And for purposes of § 1500, a claim in another court is considered "pending" if it was filed "simultaneously" with the claim before this court. *County of Cook*, 170 F.3d at 1090-91. This is so even if the claim not transferred has since been dismissed. *See Keene*, 508 U.S. at 207 (noting that jurisdiction turns on "the state of things at the time of the action brought") (quoting *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539 (1824)). From these principles, the Federal Circuit has articulated a clear rule: "if a plaintiff files multiple claims in district court, and the court transfers one of those claims to the Court of Federal Claims, the original claims are 'pending' at the time the transferred claim is considered filed, and § 1500 may deprive the Court of Federal Claims of jurisdiction over the transferred claim." *Griffin*, 590 F.3d at 1293.

That is precisely the situation here. Plaintiffs filed FTCA and breach of fiduciary claims in the district court. The breach of fiduciary duty claims were transferred to this court and must be considered as having been filed here "simultaneously" with the FTCA claims in the district court. Therefore, the FTCA claims must be considered as "pending" at the time the breach of fiduciary duty claims were transferred.[3]

---

[3] In their supplemental briefing, plaintiffs suggest that the court somehow precluded plaintiffs from addressing the question whether the FTCA claims were "pending." Pl.'s Br., ECF Dkt. 18, at 1. This is incorrect. In its letter to the parties, the court stated its view that the FTCA claims were "pending" for purposes of § 1500, but it did not formally rule that to be the case. The

*2. "For or in respect to" the same claim*

The court next considers whether both suits are "for or in respect to" the same claim. A suit is "for or in respect to" the same claim as another when the two suits are "based on substantially the same operative facts." *Tohono O'Odham Nation*, 131 S. Ct. at 1731. Although courts have been somewhat coy about defining "operative facts," the Federal Circuit has recently equated "operative facts" with those facts "critical to [a plaintiff's] claims." *Central Pines Land Co.*, 2012 WL 4857002, at *4; *see also Lower Brule*, 102 Fed. Cl. at 424 (equating "operative facts" with "material" facts").

Crucially, whether two suits are based on differing legal theories is irrelevant to whether they share the same "operative facts." *Tohono O'Odham*, 131 S. Ct. at 1731; *Keene*, 508 U.S. at 212–14 (citing *British American Tobacco Co. v. United States*, 89 Ct.Cl. 438 (1939) (per curiam)). Thus, it does not matter if one suit is predicated on a tort theory and another on, for example, a contract theory. *British American Tobacco Co.*, 89 Ct. Cl. 438 ("A recital of the operative facts relied upon by a claimant does not state two separate and distinct causes of action merely because such facts may set up a liability both in tort and contract.") "[T]wo suits share the same operative facts when the facts that are relevant and material to *some* theory of liability are the same in each." *Lower Brule*, 102 Fed. Cl. at 424 (emphasis in original).

In practice, it might very well be difficult to ascertain which facts are so "critical" or "material" that they should be considered "operative facts." But that is not so in this case. Comparing the complaint in this court to plaintiffs' District Court Complaint reveals that both plaintiffs' breach of fiduciary duty claim here and their FTCA claim before the district court concern precisely the same alleged wrong: the Dunford appraisal and approval of sale based upon that appraisal. *Compare* Amend. Compl. ¶¶ 8–15, 17, *with* Dist. Ct. Compl. ¶¶ 10–17, 20–21.

In both complaints, plaintiffs allege that they had an interest in the same land, and that they sought to sell that land to the Tribe. Dist. Ct. Compl. ¶¶ 10, 11; Amend. Compl. ¶¶ 8, 9. In both complaints, plaintiffs allege that the BIA procured the services of Dunford to appraise plaintiffs' land, and that Dunford determined the value of the land to be $150 per acre as range land. Dist. Ct. Compl. ¶ 13; Amend. Compl. ¶ 11. In both complaints, plaintiffs allege that they relied on Dunford's appraisal in selling their land, and that the BIA approved both the appraisal and the sale. Dist. Ct. Compl. ¶¶ 16, 17; Amend. Compl. ¶¶ 14, 15. And in both complaints, plaintiffs allege that Dunford's appraisal report was flawed because "the highest and best use of the Property is not range land but is farm land wherein the fair market value of the Property would be substantially in excess of $150 per acre." Dist. Ct. Compl. ¶ 14; Amend. Compl. ¶ 12.

Moreover, in the District Court Complaint count dealing with their FTCA claims, plaintiffs allege that the BIA was negligent "in selecting an appraiser who failed to perform the appraisal in a reasonable and appropriate fashion" and in "approving the report with obvious

---

precise question that the court invited the parties to answer was "whether § 1500 precludes jurisdiction in this case." Nothing in that question foreclosed attempting to dissuade the court of its view regarding whether plaintiffs' FTCA claims were "pending." In any event, *County of Cook* and *Griffin* are clear, and plaintiffs' view that binding Federal Circuit precedent was "wrongly decided" can have no influence on the court's decision here.

flaws." Dist. Ct. Compl. ¶ 20.   Similarly, in alleging breaches of fiduciary duty in their complaint before this court, plaintiffs point to the BIA's alleged failure to obtain an appraisal that accurately reflected the fair market value of plaintiffs' land and to BIA's approval of the sale of plaintiffs' land based on such an appraisal.  Amend. Compl. ¶ 17.  In short, both the FTCA claims and the breach of fiduciary duty claims challenge exactly the same thing:  the BIA's failure to obtain an appraisal to plaintiffs' liking.

Plaintiffs' only response is to identify differences in the legal theories underlying tort and breach of fiduciary duty claims.  Pl.'s Br., ECF Dkt. 18, at 3–5.  But plaintiffs may not simply "repackage[] the same conduct into two different theories" and declare themselves to have alleged different "operative facts."  *See Central Pines Land Co.*, 2012 WL 4857002, at *4. Plaintiffs point to various regulations arguably relevant to their breach of fiduciary duty theory but not their negligence theory, but none of that matters for purposes of § 1500.  What matters is whether the conduct that plaintiffs allege constituted a breach of trust is the same conduct that plaintiffs allege before the district court was a tort.  It undoubtedly is.

## B.  Additional Jurisdictional Issue

The court notes that defendant has raised an additional jurisdictional issue in its motion for judgment on the pleadings.  That issue is whether plaintiffs have failed to identify a specific trust duty that "can fairly be interpreted as mandating compensation."  *See United States v. Navajo Nation*, 556 U.S. 287, 290–91 (2009) (*Navajo Nation II*); *United States v. Navajo Nation*, 537 U.S. 488, 506 (2003) (*Navajo Nation I*); *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 474 (2003); *United States v. Mitchell*, 463 U.S. 206, 216 – 17 (1983) (*Mitchell II*). Because the court has concluded that § 1500 deprives the court of jurisdiction in any event, anything the court might say concerning this difficult issue would be dicta.  For that reason, the court declines to address that issue at this time.

## III.  Conclusion

For the foregoing reasons, the court is without jurisdiction.   The case is therefore **DISMISSED**.  The Clerk is directed to take the necessary steps to dismiss this matter.

**IT IS SO ORDERED**.

s/*Lawrence J. Block*
**Lawrence J. Block**
**Judge**